# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| PEIR WANGNAR, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 5:18-CV-90 |
| MARCUS BAKER, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff Peir Wangnar's motion to appoint counsel. Doc. 3. For the following reasons, the motion is **DENIED**.

"Appointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 169, 1174 (11th Cir. 1985) (citation omitted). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id.* (citation omitted); *see also Smith v. Fla. Dep't Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) ("[W]hether such circumstances exist is committed to the district court's discretion." (citation omitted)). In exercising its discretion regarding whether to appoint counsel for a party, the district court considers factors such as: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to adequately investigate the case; and (4) whether the evidence will consist in large part of incidents the indigent witnessed h[im]self." *Lamar v. Wells Fargo Bank*, 597 F. App'x 555, 558 (11th Cir. 2014) (citing *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990)).

Here, the Plaintiff argues he needs appointed counsel because "it is a very complicated and entangled case." Doc. 3 at 1. In his complaint, the Plaintiff alleges that Defendants Officer Marcus Baker, Bibb County Sheriff's Office, and "Macon-Bibb Consolidated Government" violated his constitutional rights when he was "ambushed" at the Atlanta airport by two United States Customs and Border Patrol Agents and unlawfully arrested and deprived of his property. Doc. 1 at 4-5, 9, 14-15. According to the Plaintiff, this incident was orchestrated by "bullies" from his previous place of employment, the United States Department of Agriculture ("USDA"), who stalked him and retaliated against him for reporting alleged illegal activity at a USDA lab. *Id.* at 5, 7-9, 13. The Plaintiff also alleges that the Defendants discriminated against him due to his race. *Id.* at 15. Finally, the Plaintiff alleges that the Defendants, in particular the "Macon-Bibb Consolidated Government," failed to train the Bibb County police officers. *Id.* at 16.

Contrary to the Plaintiff's assertion, the claims the Plaintiff alleges are straightforward, and the Plaintiff has demonstrated an extensive knowledge of the facts surrounding the allegations. In fact, the Plaintiff claims to have witnessed many of the incidents, giving him first-hand knowledge of the alleged facts and circumstances. *See generally* Doc. 1. While the Plaintiff states that he is a non-native English speaker and that he has suffered brain damage, the Plaintiff has clearly demonstrated the ability to understand English and the judicial system by properly filing a complaint and motion for appointment of counsel. Doc. 3 at 1.

Accordingly, because the Plaintiff has not shown the existence of exceptional circumstances necessary to justify the appointment of counsel, the Plaintiff's motion to appoint counsel (Doc. 3) is **DENIED**.

**SO ORDERED**, this 26th day of April, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
