# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| PEIR WANGNAR, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 5:18-CV-90-MTT |
| MARCUS BAKER, *et al.*, | ) |
| Defendants. | ) |

## ORDER

On March 12, 2018, Plaintiff Peir Wangnar filed his initial complaint, moved to proceed *in forma pauperis*, and moved for appointment of counsel. Docs. 1; 2; 3. On April 26, 2018, the Court denied the Plaintiff's motion for appointment of counsel and granted his motion to proceed IFP. Docs. 5; 6. In the order granting the Plaintiff's motion to proceed IFP, the Court noted that the majority of the Plaintiff's complaint was either nonsensical or inadequate to support his claims. Doc. 5 at 3. But, because the Plaintiff was proceeding pro se, the Court allowed the Plaintiff to amend his complaint to coherently state a claim for relief. *Id.* The Court underscored that the Plaintiff "should include *only facts and allegations that support his claims* and should refrain from including irrelevant material." *Id.* On May 9, 2018, the Plaintiff timely filed his amended complaint and submitted a letter to the Court supplementing his amendment. Docs. 7; 8.

As discussed in the previous order, the Court shall dismiss a case proceeding IFP if, at any time, the Court determines that the action (1) is frivolous or malicious; (2)

fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Clearly baseless allegations include those which are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Because the Plaintiff is proceeding pro se, however, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

Here, while the Plaintiff claims that "best efforts are made in the amended submission to narrow down the scope, to cut distractions, [and] to address the doubts in the . . . orders," it is clear the amended complaint includes much of the same nonsensical, fanciful, and delusional allegations raised in the initial complaint. Doc. 7 at 1; *compare* Doc. 1, *with* Doc. 8. The following is representative of the Plaintiff's allegations:

---

[1] To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1261 (11th Cir.2006) (internal quotation marks and citation omitted). While a complaint does not need detailed factual allegations to survive a motion to dismiss, the entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

- "On 03/29/2016, around 5:30 a.m., I, the Plaintiff, Peir Wangnar, a former USDA Tech, was ambushed at Atlanta Airport Port of Entry by two US CBP Atlanta Officers, luggage (one big checked-in bag; one carry-on bag containing variety of electronics: laptop, [etc.]) were searched."  Doc. 8 at 18.

- The Plaintiff claims he was accused of, and wrongfully arrested and prosecuted for, stalking the USDA and being an imminent danger.  Docs. 7 at 1, 2; 8 at 5-6.

- The Plaintiff believes these actions against him were "masterminded, orchestrated, and initiated by Bibb Sheriff's Office."  Doc. 7 at 2.  According to the Plaintiff, someone from the USDA "must have talked, met with the Bibb Authority, demonstrated touchingly how she was personally victimized" because the Plaintiff sent multiple grievance emails and post cards protesting "the evil doings" at the USDA Agriculture Research Service lab.  Doc. 8 at 6, 19-20.

- One of these emails reads: "Dear Hon. Commander of Fed. Employees, Mr. Obama, would you confer with your very Hon. USDA Secretary Tom Vilsak in private small talks . . . is tiny bit human decency needed in running a Non-combatant Fed Agency?  How the Heck is this desperate Victoria No Secret Performer . . . enshrining her superior to be poohed junk into Fed Biosafety at this Pathology Lab . . .?"  *Id.* at 21.  Attached to that email is a picture of what appears to be the Biosafety Fridge and, though difficult to see, an arrow pointing to what the Plaintiff alleges was the "Master Bully's to be poohed out Junk" (her lunch).  *Id.*

- Finally, to somehow make his point that the Defendants "must have known" they violated his rights, the Plaintiff alludes to public figures: "Under the color of law,

may the Defendants have known: Even the most notorious blood sucker, Kim Jong-Un, wearing a lab coat (the Tech who told Kim what to do can be shot on the spot)—giving a damn to Science, when visiting his Biochem facility," and the Defendants must have known that "[t]he most powerful, the Supreme Genius Trump can simply send his SS to chain superior Genius Bannon . . . ." *Id.* at 9-10.

These allegations, on their face, are, as the Eleventh Circuit described similar claims brought by another plaintiff, "irrational and wholly incredible." *Gary v. United States Gov't*, 540 F. App'x 916, 918 (11th Cir. 2013); *see also Denton*, 504 U.S. at 33 (explaining that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"). That conclusion is further supported when considering that in another case before this Court the United States Department of Agriculture moved for a temporary restraining order against the Plaintiff. *United States Dep't of Agric. v. Wangnar*, 7:12-cv-51, Doc. 1 (M.D. Ga. Apr. 18, 2012). In that motion, which was granted, the USDA states that on April 6, 2012, after the Plaintiff's employment was terminated by the Agricultural Research Service ("ARS"), the Plaintiff came into the ARS office in Tifton, Georgia and "declared his intention to kill himself by shooting and burning." *Id.* These acts led to the Plaintiff's arrest and physical removal by local authorities. *Id.* In his amended complaint, the Plaintiff mentions the 2012 incident; however, he claims that the "Rampant Bullying Endorsers caused [that] incident," much like how he now claims the Bibb County Sheriff's Office caused the airport "ambush" and his wrongful arrest and prosecution for stalking the USDA and being an imminent danger to himself and others. Doc. 8 at 19.

Thus, having reviewed the Plaintiff's amended complaint and letter, the Court finds the Plaintiff's allegations are factually frivolous and fail to state a claim for relief. Accordingly, the Plaintiff's case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).[2]

**SO ORDERED**, this 27th day of November, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] It appears the statute of limitations may have run or is about to run regarding the Plaintiff's claims. "Where a dismissal without prejudice has the effect of precooling the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). While the Court is dismissing without prejudice, a dismissal with prejudice would be appropriate in this case because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Plaintiff was advised of the inadequacies of his allegations and granted an opportunity to amend those claims; however, he still failed to state a claim for relief. *See* Docs. 5; 7; 8; *see also Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985) (dismissal with prejudice not an abuse of discretion when court gave plaintiff one chance to amend and told him "the deficiency in the complaint and how it could be remedied"). Thus, any additional amendments would be futile. *See Gary v. U.S. Gov't*, 540 F. App'x 916, 918 (11th Cir. 2013) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)) (holding the district court did not abuse its discretion in dismissing plaintiff's complaint as frivolous and not affording plaintiff an opportunity to amend her complaint because any amendment would have been futile). Accordingly, the Court dismisses the Plaintiff's initial and amended complaints as frivolous.