**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| PEIR WANGNAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-90 (MTT) |
| | ) |
| MARCUS BAKER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On December 12 and December 27, 2018, Plaintiff Peir Wangnar filed a notice of appeal, which the Court construes as an application to proceed in forma pauperis ("IFP").[1] Docs. 11; 14. After reviewing the record, the Court enters the following Order.

The Plaintiff seeks to appeal the Court's November 27, 2018 Order (Doc. 9) dismissing his complaint as frivolous. Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Similarly, Federal Rule of Appellate Procedure 24(a) provides in relevant part:

> (3) A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
>
>   (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the

---
[1] In that notice, the Plaintiff states that he seeks to proceed IFP on appeal pursuant to Federal Rule of Appellate Procedure 24(a) because the Court allowed him to proceed IFP in a previous order. Docs. 11 at 1; 14 at 1.

> party is not otherwise entitled to proceed in forma pauperis and
> states in writing its reasons for the certification or finding.

Given that the Court previously granted the Plaintiff's motion to proceed IFP, the Court now determines whether the plaintiff has satisfied the good faith requirement. Doc. 5. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Though the Plaintiff claims that "[t]he paramount federal question for this Court to answer is very simple and clear," this Court's independent review of the issues addressed in the Court's November 27, 2018 Order (Doc. 9) dismissing his case demonstrates that the Plaintiff's appeal is frivolous. Doc. 11 at 2; *see Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement

from the plaintiff). The Court, therefore, certifies that this appeal is frivolous and not filed in good faith.

Accordingly, the Plaintiff's application to appeal in forma pauperis (Docs. 11; 14) is **DENIED**.[2] If the Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee or file a motion for leave to proceed IFP with the Court of Appeals pursuant to Fed. R. App. P. 24(a)(5).

**SO ORDERED**, this 7th day of January, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT

---

[2] In his notice of appeal, the Plaintiff also requests that "a new Judge [] be appointed." Doc. 14 at 1. To the extent the Plaintiff seeks to have a different judge assigned to reconsider the merits of his case, that request is **DENIED**.